**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William T. DOLMAN, Roy D. Wilson, Denne M. Harrington, Gary D. Rondeau, Gerald L. Minnich, and Arthur Schruder, Defendants-Appellants.**

**Nos. 77–3925, 78–1312, 78–1239, 78–1240, 78–1310 and 78–1311.**

United States Court of Appeals,
Ninth Circuit.

Sept. 11, 1979.

Charles E. Yates, Moriarty, Long, Mikkelborg & Bros, Seattle, Wash., Craig P. Hayes, McCush, Kingsbury, O'Connor, Ludwigson, Thompson & Hayes, Bellingham, Wash., for defendants-appellants.

James W. Moorman, Dept. of Justice, Washington, D. C., John C. Merkel, U. S. Atty., Seattle, Wash., on brief; Kathryn A. Oberly, Robert M. Taylor, Asst. U. S. Atty., Washington, D. C., argued, for plaintiff-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and GRANT,* District Judge.

* The Honorable Robert A. Grant, Senior United States District Judge of the United States District Court for the Northern District of Indiana, sitting by designation.

PER CURIAM:

This court has received the mandate of the Supreme Court in these cases, which reads as follows:

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Court that the judgment of the United States Court of Appeals in these causes is vacated; and that these causes are remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of *Washington v. Washington State Commercial Passenger Fishing Vessel Assn.; Washington v. United States*; and *Puget Sound Gilnetters Assn. v. U. S. D. C., W. D., Washington,* —— U.S. ——, 99 S.Ct. 3055, 61 L.Ed.2d 823 (1979).

The government urges that we should reaffirm the conviction in each of the above six cases. It makes a plausible argument based upon language in the Court's decision in *Washington, et al. v. Washington State Commercial Passenger Fishing Vessel Assn., et al.,* 1979, —— U.S. —— at ——, part VII, n. 32, 99 S.Ct. 3055, 61 L.Ed.2d 823, pointing to the conclusion that the convictions are valid. In spite of the language of note 32, the Supreme Court has vacated our judgments and remanded the matters to us. We think that under these circumstances, the district court should have an opportunity to reconsider the judgments that it entered in each of these six cases. Accordingly, each of the above cases is remanded to the district court for further reconsideration in light of the decision of the Supreme Court.